UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Civil Action No. 6:22-cv-00423

DANIEL ADGATE,

    Plaintiff,

v.

HUNTER WARFIELD, INC.,

    Defendant,

_____/

# COMPLAINT

**NOW COMES** Plaintiff, DANIEL ADGATE, by and through his undersigned counsel, complaining of Defendant, HUNTER WARFIELD, INC., as follows:

## NATURE OF THE ACTION

1. This action seeks redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 *et. seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplement jurisdiction pursuant to 28 U.S.C. §1367.

1

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Daniel Adgate ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Daytona Beach, Florida.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer as defined by Fla. Stat. §559.55(8).

8. HUNTER WARFIELD, INC. ("Defendant") is a corporation organized under the laws of Florida.

9. Defendant maintains its principal place of business at 4620 Woodland Corporate Boulevard, Tampa, Florida 33614.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of Defendant's business is the collection of debt owed to others.

11. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7) because it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

12. At some point, Plaintiff signed a lease for an apartment.

13. Due to numerous issues making the apartment unhabitable, including black mold and a non-working air conditioner, Plaintiff broke his lease for the apartment.

14. On March 1, 2021, Plaintiff vacated the apartment with the knowledge of the landlord.

15. In fact, Plaintiff and his landlord signed an agreement releasing Plaintiff from any further liability on the lease.

16. Further, this agreement stated that the landlord was to return Plaintiff's security deposit.

17. The landlord marked down Plaintiff's new address at this time as well.

18. Unfortunately, Plaintiff never received his security deposit back.

19. In fact, in or around August 2021, Plaintiff started receiving collection calls from Defendant attempting to collect an alleged debt of approximately $3,000 owed for the apartment lease ("subject debt").

20. On or around January 17, 2022, Plaintiff answered one of Defendant's collection calls and advised that he would not pay the alleged subject debt because the agreement with the landlord released him of any liability on the debt.

21. At this time, Plaintiff requested that Defendant cease calling him on his cellular phone.

22. Additionally, Plaintiff noticed that the subject debt was reporting on his credit reports.

23. He disputed the subject debt with TransUnion, whose investigation concluded that Plaintiff does not owe the subject debt.

24. On numerous other occasions, Plaintiff again reiterated that he did not owe the subject debt and that he no longer wished to receive collection calls to his cellular phone.

25. Unfortunately, Defendant continued to place collection calls to Plaintiff.

26. Specifically, Defendant placed at least 30 phone calls to Plaintiff after Plaintiff requested that the phone calls cease using phone numbers including, but not limited to (813) 804-1016.

27. Despite Plaintiff's request that Defendant cease its harassing collection efforts, Defendant continued to employ abusive collection practices in an effort to collect the subject debt, including the use of harassing phone calls.

28. Concerned with Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## **CLAIMS FOR RELIEF**

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

29. Paragraphs 1-28 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a. **Violation(s) of 15 U.S.C. §1692c**

30. Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
>
> (1)   at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . .
>
> 15 U.S.C. § 1692c(a)(1).

31.   Defendant violated 15 U.S.C. § 1692c(a)(1) when it continuously called Plaintiff after Plaintiff requested that the collection calls cease.

32.   As set forth above, Plaintiff requested that Defendant cease it collection calls to his cellular phone.

33.   Despite being notified that its collection calls were unwanted, Defendant made the conscious effort to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

34.   In other words, since Plaintiff did not want *any* calls from Defendant, any call placed after the first cease request was known by Defendant to be an inconvenient time for Plaintiff.

### b.  Violations of FDCPA §1692d

35.   Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

36. Section 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5).

37. Defendant violated §§ 1692d and d(5) when it placed at least 30 collection calls to Plaintiff in an attempt to collect the subject debt after Plaintiff requested that the phone calls cease.

38. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt after Plaintiff requested that the calls cease was harassing and abusive.

39. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

### c. Violations of FDCPA §1692e

40. Pursuant to §1692e of the FDCPA, a debtor collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. §1692e.

41. Further, §1692e(2) of the FDCPA prohibits a debt collector from "the false representation of – (A) the character, amount, or legal status of any debt." 15 U.S.C. §1692e(2).

42. Defendant violated §§ 1692e and e(2) when it attempted to collect the subject debt from Plaintiff, as this mischaracterization of the subject debt implied that Plaintiff may be liable for paying the subject debt.

43. In other words, since Plaintiff and his landlord signed a release agreement stating that Plaintiff is not liable for the subject debt, attempting to collect the subject debt from Plaintiff falsely represented the character of the subject debt.

   d. **Violations of 15 U.S.C. §1692f**

44. Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

45. Section 1692f(1) of the FDCPA prohibits a debt collector from "the collection of any amount. . .unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

46. Defendant violated §§1692f and f(1) by attempting to collect an apartment lease debt from Plaintiff when Plaintiff and his landlord signed an agreement releasing Plaintiff from any liability.

47. As set forth above, the agreement between Plaintiff and his landlord releasing Plaintiff from liability became a binding revision to the lease agreement, and any collection activities after that point would by in violation of the amount authorized in the agreement creating the debt.

48. As pled above, Plaintiff was harmed by Defendant's unfair collection practices.

**WHEREFORE,** Plaintiff, DANIEL ADGATE, requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II
**Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)**

49. Paragraphs 1-28 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a. Violation(s) of Fla. Stat. §§ 559.72(7)

50. Subsections 559.72(7) and (9) of the FCCPA provide:

In collecting consumer debts, no person shall:

> (7)   Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.
>
> …
>
> (9)   Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. § 559.72(7), (9).

51.   Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after being asked to stop. *See Waite v. Fin. Recovery Servs., Inc.*, 2010 U.S. Dist. LEXIS 133438, 2010 WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the plaintiff after being asked to stop).

52.   Defendant violated Fla. Stat. § 559.72(9) by attempting to collect the subject debt against the provisions of the lease agreement amendment signed by Plaintiff and his landlord.

53.   Specifically, the agreement between Plaintiff and his landlord released Plaintiff from any liability for the subject debt, and any collection activity on the subject debt is an attempt to enforce a debt that Defendant knew or should have known is not legitimate.

54.   Plaintiff may enforce the provisions of Fla. Stat. §§ 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff, DANIEL ADGATE, requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate Fla. Stat. §§ 559.72(7) and 559.72(9);

b. Awarding Plaintiff actual damages, in an amount to be determined at trial, as a result of Defendant's violation(s);

c. Awarding Plaintiff statutory damages, as the Court may allow, but not exceeding $1,000.00;

d. Awarding Plaintiff his costs and reasonable attorney's fees; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: February 25, 2022              Respectfully submitted,

**DANIEL ADGATE**

*s/ Alexander J. Taylor*

Alexander J. Taylor, Esq.

10

        Sulaiman Law Group, Ltd.,
*Of Counsel*
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*